**Donald D. duBoulay**            305 Broadway, Suite 602
   Attorney at Law                  New York, NY 10007

Telephone: (212) 966-3970
Fax:        (212) 941-7108
E-mail:    dondubesq@aol.com

January 29, 2020

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

MEMO ENDORSED

The Application is granted.

SO ORDERED:

_/s/ Paul G. Gardephe_
Paul G. Gardephe, U.S.D.J.

Dated: Jan. 29, 2020

Re: United States v. Hammattt (Christopher Hammatt)
    19 Cr. 067 (PGG)

Dear Judge Gardephe:

    I again write on behalf of Christopher Hammatt to respectfully request a modification of Mr. Hammatt's bail conditions. The Court had previously permitted Mr. Hammatt to accept employment as a long-haul truck driver which would have necessitated his travel across several states. The Court granted that request to work with the condition that Mr. Hammatt wear an electronic monitoring device. Mr. Hammatt was ultimately not able to accept that job because as a long haul trick driver he would have to wear 'safety boots' which would not fit over the court ordered electronic monitoring ankle bracelet. That employer rescinded the employment offer because of safety concerns and potential company liability if Mr. Hammatt could not wear the safety boots while in their employ.

    Mr. Hammatt has since obtained employment as a truck driver for Kivi Brothers trucking, a Minnesota based company with a local office in Los Angeles. If allowed to take this position he would not have to leave the Southern California area. Therefore Pretrial services agree that he would not have to be outfitted with an electronic monitoring device to take this job. In order to accept this job, Mr. Hammatt request permission to fly to Duluth, Minnesota from his residence in Los Angeles for one week of training beginning on February 3, 2020 through February 7, 2020. After the training he would pick up his truck in Duluth and drive to Portland Oregon the location of his arrest in this case, to pick up his personal possessions left with his previous employer when he was arrested. He would then drive back to Los Angeles.

    Bail conditions were set at his initial appearance before this Court, inter alia as follows: the execution of a personal recognition bond in the amount of $100,000.00 with strict pretrial supervision and travel restricted to the EDNY, SDNY and the Central District of California. His pretrial supervision has since been amended to regular supervision.

    Pre-trial officer Tiffany Rivers (District of Ca.) and Pre-trial officer Lea Harmon (S.D.N.Y.) consent to this request and the Government does not object to this request. Mr. Hammatt has been fully compliant with the terms of his release bond. He will also give the pretrial officer his dated itinerary prior to the requested travel.

                   Respectfully submitted,
                    /s/

                    Donald duBoulay

cc: Nicholas Chiuchiolo, Esq, AUSA
   Tiffany Rivers, Pretrial Services Officer
   Lea Harmon, Pretrial Services Officer